## 70895. TOLIVER v. THE STATE.

(335 SE2d 489)

BIRDSONG, Presiding Judge.

Michael Lee Toliver was convicted of trafficking in marijuana, being found guilty of introducing into Georgia and possessing more than 370 pounds of marijuana. The jury was warranted from the evidence in believing that based upon an undisclosed informant's tip, members of law enforcement agencies went to a local Atlanta airport and observed Toliver in and about a certain private aircraft. Toliver was seen flying the aircraft from that airport to another nearby airport. The officers followed Toliver to the second airport where he was seen flying the aircraft away. Based upon further information, the second airport was placed under surveillance.

Approximately a week later, the same airplane was observed landing late at night. Toliver could not positively be identified as the pilot of the aircraft but immediately after the plane landed and taxied up to a hanger where several other men were congregated acting as if they were awaiting the arrival of an aircraft, Toliver was seen present with the group though there is no indication he had been seen prior to the arrival of the aircraft. This group of men consisting of approximately five (including Toliver) was observed removing packages wrapped in brown paper and some in black plastic (approximately 1x1x2 feet in size) from the airplane and placing these packages into two vans. As soon as the vans were loaded, they drove away from the airport.

Officers moved into the area from their place of surveillance as soon as the vans began to leave the area. Toliver was arrested at the aircraft next to the hanger along with one other. A third person managed to escape. The two vans were stopped, the drivers arrested, and the packages seized. These packages were found to contain a total of 371 pounds of marijuana. As soon as Toliver was arrested, a police officer advised him of his *Miranda* rights and Toliver acknowledged his understanding of those rights. After his removal from the scene to the police station, another officer shortly thereafter engaged in a conversation (interrogation) with Toliver in which Toliver admitted he was transporting marijuana for the "rush" of it (and ostensibly for the money); that he had loaded the plane in Jamaica and flown over Florida accompanied by a security plane with equipment to detect police planes and that Toliver had been furnished an electronic monitor to receive police radio messages on the several frequencies upon which they broadcast.

After his indictment but before his trial, Toliver fled the United States and went to Panama. He was arrested there and surrendered by the Panamanian authorities to U. S. officials at the airport in Miami.

At trial, extensive voir dire was conducted and in at least one instance a juror was challenged for cause because the juror held strong views about one dealing in and with marijuana. However, the juror clearly indicated that he could disregard his feelings and determine guilt or innocence based upon the evidence and the law, and the challenge was denied. During the trial, counsel for Toliver objected (on the ground of inadequate knowledge of the origin of the photos) to the admission of certain photographs showing the marijuana and Toliver at and near the aircraft. He also objected to the admission of the confession given by Toliver because the several agents who testified as to the *Miranda* warnings were not wholly consistent in their recollection of how that warning was given and the fact that Toliver denied hearing such a warning. Counsel for Toliver also objected to the admission of an arrest warrant or copy of indictment contending that the state did not establish that Toliver was aware that an indictment had been returned or that an arrest warrant had ever been issued against him. However, it was not contested that Toliver was aware that he had been arrested and charged with a violation of the Controlled Substances Act; that an indictment was in fact returned on such an offense; that he could not be found when an arrest warrant was issued and that he was returned to custody from Panama.

Following the submission of evidence, a full charge was given on the charge of trafficking in marijuana as well as the several potential lesser included offenses, and all requested charges made by Toliver were either given as requested or in substantially equivalent and adequate language. The jury convicted Toliver as charged and he was sentenced to serve ten years and given a $25,000 fine, a sentence within the maximum authorized by the pertinent statute. Toliver filed a motion for a new trial on the general grounds and a motion for appeal bond. The trial court denied the motion for new trial and, finding a substantial risk of Toliver fleeing the jurisdiction, the trial court denied the motion for appeal bond. In due time, Toliver filed a notice of appeal. Counsel for Toliver requested a seven-day extension to file an enumeration of errors and supporting brief which was granted by this court on May 28, 1985. In spite of the requirement to file the errors and brief not later than June 4, 1985, no enumeration of error or brief has been filed and time for argument of this case has expired.

We have examined this record and transcript to ascertain if there are errors of a nature materially to prejudice the substantial rights of Toliver during the trial. We find that the actions of the trial court in jury selection, admission of evidence, and in its charge to the jury all were without material error and the trial was conducted in a full, fair and legal manner. Our review of this case discloses that the conviction and sentence in this case are fully supported and without error. *Evitts*

*v. Lucey,* 469 U. S. ___ (105 SC 830, 83 LE2d 821); *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 26, 1985.

*Thomas L. Burton, Robert A. Meier IV,* for appellant.

*Robert E. Wilson, District Attorney, Barbara Conroy, Assistant District Attorney,* for appellee.